## Wabash Railroad Company v. Patrick J. Kiely.

VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review on the ground that it is against the weight of the evidence unless clearly and manifestly so.

Action on the case. Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this

court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

C. N. TRAVOUS, for appellant.

WILSON & WALL, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the Circuit Court of Adams county against appellant to recover damages alleged to have resulted to the homestead premises of appellee in the city of Quincy, by reason of the construction of appellant's railroad bed, track, etc., in such a manner and in such proximity to such homestead that the rains falling upon the adjacent grounds were diverted to and upon said homestead, while smoke, soot and cinders emitted by appellant's passing locomotives were cast into and upon the residence of appellee.

There was a trial had before a jury and a verdict returned in favor of appellee in the sum of $500. Judgment was rendered upon the verdict and appellant appealed, assigning three grounds, upon which reversal is sought.

The first contention made by appellant is that the verdict of the jury is clearly against the weight of the evidence; the second, that the damages are excessive, and the third contention is that the giving of the first instruction for appellee was prejudicial error.

Patrick J. Kiely owned and lived upon a lot in the city of Quincy which had a frontage of twenty-eight feet on Seventh street, and ran easterly from said street 160 feet, its north line being twenty-eight feet south of the south line of an alley, with which it ran parallel.

While appellee was living upon said premises as his home and residence, appellant constructed its road-bed and railroad easterly and westerly across Seventh

street and over the lot between appellee's home and
the alley.   Its north line of right of way was the same
as the south line of the alley and the south line of its
roadbed was not to exceed twelve feet from the north
line of appellee's lot and in close proximity to his
residence.   There was ample evidence to the effect that
prior to the time of the building of the railroad said
Seventh street was well paved, with a crown in its
center, and a curb on each side with a very steep slope
from the north to the south, so that the surface waters
wont to fall upon said street, readily passed south on
said street to a manhole in the street next south of
appellee's home.

There is also sufficient evidence to warrant the jury
in finding that when appellant built its railroad across
Seventh street it filled up the depressions in said
street between its center and curb; that the railroad
track was made to slope two inches from the west
curb to the center of the street, while from the center
of the street to the east curb it was practically flat
so that the depressions through which the surface
water had previously flowed were in a measure, at least,
filled up and the water by that means diverted upon
the home and premises of appellee.   Five witnesses
besides appellee testified to the condition and general
lay of the surface of the ground and to the diversion
of the water from its former channel, while three at
least of the witnesses, besides appellee, testified to hav-
ing seen the diverted waters go upon the premises of
appellee.   While there was some evidence tending to
dispute or discredit the testimony just alluded to, we
are of the opinion that the jury had ample warrant
for finding that the surface waters were diverted by
appellant upon the premises of appellee.

Furthermore there was undisputed evidence given
on behalf of appellee to the effect that there were dust,
smoke, cinders and soot cast upon appellee's home
and premises by the locomotives passing to and fro
upon appellant's said road.

Appellant's track was only a few feet from appellee's home, and such uncontroverted testimony afforded appellee an undoubted added right of recovery.

Upon the subject of damages the testimony of three witnesses upon the part of appellee was to the effect that the building of the railroad had depreciated appellee's property from $3,000 to $700.

In opposition to this testimony was that of several witnesses upon the part of appellant to the effect that the building of the railroad was a benefit to the property and had enhanced its value in view of the fact that it could at some future time be sold or used as business property, without stating any present demand or sale for it for such a use.

Even if this testimony offered by appellant was proper under the circumstances and was freed from the infirmities that attached to it because of its being purely speculative and remote, and because of the fact that such a benefit would accrue to appellee, if at all, in common with the owners of adjoining lots, yet the jury had a right to say to what witnesses they would give credit and to what ones they would not give credit. The jury were not unwarranted under the evidence in fixing appellee's damage at $500.

The third contention of appellant relates to the giving of an instruction upon the part of appellee which was in the words, to wit:

"The court instructs the jury, that while, as a matter of law, the burden of proof is upon the plaintiff, and it is for him to prove his case by a preponderance of the evidence, still if the jury find that the evidence bearing upon the plaintiff's case preponderates in his favor, it would be sufficient for the jury to find the issues in his favor, and to find a verdict against the defendant."

We fail to see how the giving of the instruction as quoted above could have prejudiced appellant's case in view of the fact that the court in its instruction number twelve given for appellant told the jury

that to entitle the plaintiff to recover it was incumbent upon him to prove or make out his case "by a preponderance of all the evidence introduced on the trial."

There is no reversible error in this record and the judgment is affirmed.

*Affirmed.*